UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO DELGADO,

        Plaintiff,

v.

No. _____

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, and FARMERS INSURANCE
COMPANY OF ARIZONA,

        Defendants.

## NOTICE OF REMOVAL

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") hereby files this Notice of Removal of the above-captioned matter to the United States District Court of New Mexico from the Third Judicial District Court, County of Dona Ana, State of New Mexico, as provided by 28 U.S.C. §§ 1441, 1446. Defendant states as follows:

1.    This cause of action was commenced in the Third Judicial District Court of the State of New Mexico on July 7, 2014 by Plaintiff Ricardo Delgado. The Summons and Complaint were served on the Superintendent of Insurance on behalf of Liberty Mutual on or about February 10, 2015. *See* NMSA (1978) § 59A-5-32(B) (service of process complete upon insurer's receipt of process from superintendent). This Notice of Removal is timely.

2.    This is a civil action, of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interest or costs, and the Plaintiff and Defendants are citizens of different states.

1

3. Plaintiff is a resident of Dona Ana County, State of New Mexico. Liberty Mutual is a foreign corporation incorporated under the laws of the State of Wisconsin, with its principal place of business located in Boston, Massachusetts. Farmers Insurance Company of Arizona ("Farmers") is a foreign corporation incorporated under the laws of the State of Arizona, with its principal place of business in Phoenix. Liberty Mutual and Farmers are authorized to do business in New Mexico. The parties are diverse.

4. Farmers has been served and consents to removal. Farmers' consent is attached hereto as **Exhibit 1** hereto**.**

5. In his Complaint, Plaintiff alleges that, on July 24, 2008, he was employed as a driver for United Parcel Service ("UPS"). Plaintiff alleges that on July 24, 2008, he was injured in a motor vehicle accident while driving a 2002 International tractor truck with two trailers. He alleges that he incurred injuries as a result of a phantom uninsured driver, which allegedly caused Plaintiff to jerk the wheel and the tractor truck and trailers to overturn on their sides.

6. Plaintiff alleges that, at the time of the accident, Liberty Mutual had issued a policy of insurance to UPS, Policy No. A12C21092036028 ("Policy") (excerpts attached hereto **Exhibit 2**). Plaintiff alleges that he is an "insured" under the Policy and that Liberty Mutual was required to provide uninsured motorist ("UM") benefits to him "for up to an amount equal to UPS' liability policy limits." (Complaint, ¶ 12.) The Policy has liability limits of $5,000,000.00 per accident.

7. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional amount. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547 (2014) (a statement "short and plain" need not contain evidentiary submissions; evidence establishing the amount is only required if the plaintiff

contests, or the court questions, the defendant's allegation that the amount in controversy exceeds the jurisdictional amount).

8. The amount in controversy requirement is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). In this case, among other things, Plaintiff seeks a declaratory judgment as to the parties' rights and liabilities under the Liberty Policy. In actions seeking declaratory relief, as in the instant case, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Ullman v. Safeway Ins. Co.,* 995 F.Supp.2d 1196, 1217-1218 (D. N.M. 2013) *quoting Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In determining the value of litigation which increases insurance coverage, several courts have held that the proper measure of the amount in controversy is the increase in coverage limits of the policy. *See Ullman v. Safeway Ins. Co.,* 995 F.Supp.2d at 1217-1218, *citing, e.g., McPhail; see also Robinson v. Home Indem. Co.,* 316 F.Supp. 129, 131 (E.D. Ark. 1970) (holding that amount in controversy, where plaintiffs sought to reform insurance policy, was the increased exposure to the insurance company that would result from increasing coverage to the insured); *Freeland v. Liberty Mut. Ins. Co.,* 632 F.3d 250, 254 (6th Cir. 2011) (same). In the instant case, when UPS obtained the Policy prior to the New Mexico Supreme Court's decision in *Jordan v. Allstate Ins. Co.,* 2010-NMSC-51, 149 N.M. 162, 245 P.2d 1214 (insurer must inform insured that insured was entitled to UM/UIM coverage in an amount equal to the policy's liability limits and had to provide the corresponding premium charge), UPS rejected uninsured / underinsured ("UM/UIM") insurance coverage. If the Policy were reformed pursuant to *Jordan*, the increase in coverage limits is $5,000,000.00, well above the $75,000.00 threshold for diversity jurisdiction.

9. Alternatively, in determining whether the amount in controversy exceeds $75,000.00, a court may aggregate actual damages, punitive damages, attorney fees, and statutorily imposed penalties. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *Wiatt v. State Farm Ins. Companies,* 560 F.Supp.2d 1068, 1075 (D. N.M. 2007).

10. In his Complaint, Plaintiff alleges that he sustained substantial physical injuries and damages. In his workers compensation claim, Plaintiff reported $51,203.00 in medical expenses and was paid a total of $111,030.00 for his damages. Plaintiff alleges that his injuries are permanent and have interfered with his ability to engage in normal wage earning, social, and recreational activities. (Complaint, ¶ 32.) It is likely that Plaintiff will claim at least $111,030.00 in compensatory damages pursuant to his breach of contract claim in this lawsuit, well above the $75,000.00 amount in controversy threshold.

11. Plaintiff alleges that Defendants' actions were in bad faith, and that they were intentional, malicious, willful and wanton, thereby justifying an award of punitive and exemplary damages. (Complaint, ¶ 31.) Plaintiff also claims that he is entitled to attorney fees for pursuing this action, pursuant to § 39-2-1, which allow for attorney fees for a first party insured when the insurer's actions are unreasonable.

12. Plaintiff also alleges that Defendants knowingly and intentionally violated New Mexico's Insurance Code, § 59A-16-20, NMSA 1978, entitling Plaintiff to compensatory and punitive damages over and above his claim for UM damages, and for an award of attorney fees. (Complaint, ¶¶ 37, 38, 39.)

13. Plaintiff additionally alleges that Defendants knowingly and intentionally violated New Mexico's Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978, entitling Plaintiff to

compensatory and punitive damages over and above his claim for UM damages, and for an award of attorney fees. (Complaint, ¶¶ 44, 45.) The Unfair Practices Act also allows for an award of treble damages if Defendants' actions were willful, as is alleged. § 57-12-10. If treble damages are awarded on top of $111,030.00, the amount awarded would exceed $300,000.00.

14. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d at 1218. "The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed [the jurisdictional minimum]." *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1248 (10th Cir. 2012).

15. Attorney fees, where specifically permitted by statute, as noted above, may also be considered as part of the amount in controversy for purposes of federal jurisdiction. *See Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202 (1933).

16. In the instant case, the value of the Policy alone places the amount in controversy above $75,000.00. In addition, an aggregation of alleged compensatory damages; punitive, exemplary and treble damages; statutory damages; and attorney fees (pursuant to three statutes) places the amount in controversy well above $75,000.00.

17. Based upon the facts alleged in the Complaint and the foregoing, Plaintiff seeks damages in excess of the jurisdictional requirement contained in 28 U.S.C. § 1332.

18. Liberty Mutual attaches to this notice, as **Exhibit 3**, a copy of all process and pleadings served upon it in this cause of action and all other documents filed in State Court.

19. The Civil Cover Sheet is attached hereto as **Exhibit 4**.

20. Liberty Mutual will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Mutual respectfully request that this action proceed in this Court as an action properly removed to it.

Dated: March 6, 2015.

> Respectfully submitted,
>
> RAY, McCHRISTIAN & JEANS, P.C.
>
> By  /s/ Shannon A. Parden
> Shannon A. Parden
> 6000 Uptown Blvd NE, Suite 307
> Albuquerque, New Mexico 87110
> Tel:  (505) 855-6000
> Fax:  (505) 212-0140
> sparden@rmjfirm.com
> *Attorneys for Liberty Mutual Fire Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was emailed and served through CM/ECF this 6th day of March, 2015, to counsel of record:

Charles J. Ruhmann, IV
Ruhmann Law Firm
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
cruhmann@ruhmannlaw.com
*Attorneys for Plaintiff*

.

>   /s/ Shannon A. Parden
> Shannon A. Parden