3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
7/7/2014 5:51:54 PM
DISTRICT COURT CLERK
Josephina Gomez

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**RICARDO DELGADO,**

    **Plaintiff,**

                                        D-307-CV-2014-01463

                               **No. _____**

**vs.**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY, and**
**FARMERS INSURANCE COMPANY**
**OF ARIZONA,**

    **Defendants.**

**COMPLAINT FOR DECLARATORY JUDGMENT, UNINSURED MOTORIST (UM) BENEFITS, BAD FAITH BREACH OF CONTRACT, VIOLATIONS OF INSURANCE CODE, AND FORVIOLATIONS OF UNFAIR PRACTICES ACT**

Plaintiff, by and through his attorneys, RUHMANN LAW FIRM, P.C. (Charles J. Ruhmann, IV), for his causes of action against Defendants, states:

## I.  COMMON FACTUAL ALLEGATIONS

1.    Plaintiff is a resident of Doña Ana County, New Mexico.

2.    Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within the State of New Mexico.

3.    Defendant, Farmers Insurance Company of Arizona ("Farmers"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within the State of New Mexico.

**EXHIBIT**

**3**

4.     At all times pertinent hereto, Plaintiff and Liberty Mutual were insured and insurer respectively under a valid and binding contract for insurance, policy number A12C21092036028 ("Liberty Mutual policy").  Plaintiff was covered as an insured through his employment as a driver for United Parcel Service ("UPS") under a policy of automobile insurance issued by Liberty Mutual on a commercial tractor truck.  In addition to providing liability coverage to the owner of the tractor truck, the policy also provided Plaintiff with coverage for injuries and damages suffered through the acts or omissions of uninsured motorists ("UM").

5.     At all times pertinent hereto, Plaintiff and Farmers were insured and insurer respectively under a valid and binding contract for insurance, policy number 16-0182912193 ("Farmers policy").  Plaintiff was covered under a policy of automobile insurance on a 2008 Nissan/Datsun Altima or Maxima, issued by Farmers, which provided Plaintiff coverage for injuries and damages suffered through the acts or omissions of uninsured motorists ("UM").

6.     On or about July 24, 2008, the insurance policy of Liberty Mutual and Farmers, each, described above, were in full force and effect.

7.     On or about Thursday, July 24, 2008, within the effective period of the aforementioned policies, at approximately 4:25 a.m., Plaintiff, in the course and scope of his employment with UPS, was operating a 2002 International tractor truck with two trailers in a reasonable and prudent manner, exercising ordinary care for his safety and for the safety of others, traveling eastbound on Interstate 10 near mile marker 6.6 in Hidalgo County, New Mexico.

8.     As Plaintiff was operating the tractor truck, suddenly and without warning, a driver ("phantom driver") in a dark colored mini-van passed him on the left, veered sharply in

front of him and cut him off.  The actions of the phantom driver caused Plaintiff to suddenly steer to the left to avoid a collision with the mini-van, and to lose control of the tractor truck and trailers, to drift into the median, causing the tractor truck and trailers to overturn.

9.     As a result of the phantom driver's negligent conduct and resulting accident, Plaintiff sustained substantial physical injuries and damages.

10.     After the accident, the investigating officer with the New Mexico State Police, Patrolman Russell Tolley, interviewed the Plaintiff and Frank Moreno, a fellow UPS driver, and determined that it was possible that a significant factor in the crash could have been due to the actions of the phantom driver, who was never identified or located.

11.     Plaintiff duly reported the automobile collision to Liberty Mutual and to Farmers, and provided all requested information and documentation.

12.     Under the terms of the Liberty Mutual policy and under applicable law, Plaintiff was an "insured" as driver of the tractor truck, and Liberty Mutual was required to provide UM benefits to the Plaintiff for up to an amount equal to UPS' liability policy limits.

13.     Under the terms of the Farmers policy and under applicable law, Plaintiff was an "insured" as driver of the tractor truck, and Farmers was required to provide UM benefits to the Plaintiff for up to an amount equal to Plaintiff's own liability policy limits.

14.     Plaintiff has otherwise performed all conditions precedent to his right to receive UM benefits under the aforementioned Liberty Mutual and Farmers policies, each, to compensate him for the losses caused by the phantom driver's negligence.

## II.  DECLARATORY JUDGMENT

15.     Plaintiff incorporates the above allegations as though fully restated herein.

16.     Defendants Liberty Mutual and Farmers, each have failed to provide reasonable offers to settle Plaintiff's demands for compensation for his injuries and damages under the respective policies.

17.     An actual controversy exists between the Plaintiff and Defendants concerning their respective rights, status, and obligations under the facts and circumstances of this case and the aforementioned policies involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, §§ 44-6-1 to 44-6-15, NMSA 1978.

### III.  UNINSURED MOTORIST (UM) COVERAGE

18.     Plaintiff incorporates the above allegations as though fully restated herein.

19.     As described herein, Plaintiff sustained substantial physical injuries and damages as a direct and proximate result of the negligent operation of the phantom driver, an uninsured motorist.

20.     As a direct and proximate result of the negligence of that uninsured motorist, Plaintiff has incurred medical expenses for treatment, therapy, and medication for his injuries sustained in this accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

21.     As a direct and proximate result of the negligence of that uninsured motorist, Plaintiff has endured pain and suffering, mental anguish, and loss of enjoyment of life, and will continue to endure such damages in the future, in an amount to be proven at trial.

22.     As a direct and proximate result of the negligence of that uninsured motorist, Plaintiff has suffered injuries which are likely to be permanent, resulting in damages in an amount to be proven at trial.

23.     Under the terms of each policy and under applicable law, Defendants are liable to Plaintiff for all damages that Plaintiff could have recovered from the uninsured motorist.

### IV.  BAD FAITH BREACH OF CONTRACT

24.     Plaintiff incorporates the above allegations as though fully restated herein.

25.     Plaintiff was insured for his damages caused by the accident of July 24, 2008.

26.     Defendants have failed and refused to pay these damages pursuant to the respective policies and New Mexico law.

27.     Further, under New Mexico law, Defendants have the duty to act honestly, promptly, in good faith, and in a non-discriminatory manner in the performance of the insurance contract.  Defendants further have an obligation to give equal consideration to its own interests and the interests of its insureds and policyholders.

28.     As described herein, Defendants have breached these duties and have thereby acted in bad faith.

29.     Defendants have breached their respective contractual obligation to pay the damages incurred by the insured, the Plaintiff.

30.     Defendants have failed to offer to pay a reasonable sum to settle Plaintiff's UM claim despite serious and permanent injuries, and despite the fact that the liability of the phantom driver has been established for quite some time.

31.     Defendants' actions were intentional, malicious, and willful and wanton, thereby justifying an award of punitive and exemplary damages.

32.     As a direct and proximate result of the July 24, 2008, accident, Plaintiff suffered personal injuries requiring medical treatment and permanent injuries.  His injuries have interfered with his ability to engage in normal wage earning, social, and recreational activities.

They have caused him great pain and suffering, and damages including but not limited to medical bills, pain and suffering, lost wages, loss of enjoyment of life, loss of household services, attorneys fees, and costs of suit, which Defendants have failed to pay in accordance with their respective contractual and legal obligations.

33.    Plaintiff is entitled to recover his attorney's fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978.

## V.  VIOLATIONS OF THE NEW MEXICO INSURANCE CODE

34.    Plaintiff incorporates the above allegations as though fully restated herein.

35.    The actions of Defendants as described herein constitute violations of the New Mexico Insurance Code, § 59A-16-20, NMSA 1978.

36.    Specifically, Defendants, through their employees and/or agents, committed the following acts, which are defined by the Code as prohibited practices:

(a)    Misrepresenting to insured pertinent facts or policy provisions relating to coverages at issue;

(b)    not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claim in which liability has become reasonably clear;

(c)    compelling insured to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

(d)    failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

37.    As a direct and proximate cause of Defendants' violations of the Insurance Code, Plaintiff has suffered damages in an amount to be proven at trial.

38.    Defendants' violations of the Insurance Code were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights and of Defendants' duties and obligations under New Mexico law, thereby making Defendants liable to Plaintiff for exemplary and punitive damages.

39.    Plaintiff is entitled to recover reasonable attorney's fees for Defendants' knowing and intentional violations of the Insurance Code.

## VI.  VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT

40.    Plaintiff incorporates the above allegations as though fully restated herein.

41.    Defendants' actions as described herein constitute violations of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978 ("UPA").

42.    Specifically, Defendants, through their employees and agents, knowingly caused confusion or misunderstanding as to the certification of insurance services contracted for, used ambiguity as to a material fact or failed to state a material fact that deceived or tended to deceive, and failed to deliver the quality of insurance services contracted for.

43.    In addition, Defendants' actions constitute "unconscionable trade practices" as defined in the UPA in that the insurance services provided to Plaintiff resulted in a gross disparity between the value received by the insured and the price paid by the policy holders for each, respective insurance policy.

44.    Defendants' violations of the UPA were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights, and of Defendants' duties and obligations

under New Mexico law, thereby making Defendants liable to Plaintiff for exemplary and punitive damages.

45.    Plaintiff is entitled to recover reasonable attorney's fees under the UPA said violations by Defendants which were knowing and intentional.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be proven at trial which is reasonable to compensate him for his damages, injuries, losses, damages to be sustained in the future, the costs of this action, attorney's fees, and pre- and post-judgment interest; for a Court review of the Liberty Mutual insurance contract and the Farmers insurance contract, the facts and circumstances, and the applicable law; for the issuance an order determining and awarding the amount of damages incurred by the Plaintiff, declaring the parties' respective rights and obligations, and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act; for judgment awarding punitive damages in an amount sufficient to punish Defendants for their willful, intentional misconduct resulting in delay of payment of the claim and for forcing litigation upon Plaintiff; for judgment awarding punitive damages in an amount sufficient to punish Defendants for their willful, intentional misconduct resulting in delay of payment of damages, and for forcing litigation upon Plaintiff; and for judgment granting all such other and further relief as the Court deems proper under the circumstances.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

BY:

_/s/ Charles J. Ruhmann, IV_
**CHARLES J. RUHMANN, IV**
**PAUL G. TELLEZ**
*Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
7/7/2014 5:51:54 PM
DISTRICT COURT CLERK
Josephina Gomez

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**RICARDO DELGADO,**

       **Plaintiff,**

                                D-307-CV-2014-01463

**vs.**                          **No.** _____

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY, and**
**FARMERS INSURANCE COMPANY**
**OF ARIZONA,**

       **Defendants.**

## PLAINTIFF'S SIX PERSON JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

       Plaintiff hereby demands a jury of six persons, and tenders the requisite fee in accordance

with this demand.

                             Respectfully Submitted,

                             **RUHMANN LAW FIRM**
                             5915 Silver Springs, Bldg. 1
                             El Paso, Texas 79912
                             (915) 845-4529
                             (915) 845-4534 Fax

        BY:    */s/ Charles J. Ruhmann, IV*
                **CHARLES J. RUHMANN, IV**
                *Attorney for Plaintiff*

JAG

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
7/7/2014 5:51:54 PM
DISTRICT COURT CLERK
Josephina Gomez

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**RICARDO DELGADO,**

     **Plaintiff,**

                                 No. _____  D-307-CV-2014-01463

**vs.**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY, and**
**FARMERS INSURANCE COMPANY**
**OF ARIZONA,**

     **Defendants.**

### COURT ANNEXED ARBITRATION CERTIFICATION

Plaintiff, by through his undersigned counsel, pursuant to Third Judicial District Local Rule, Rule LR3-706B, certifies as follows:

[ ]    This party seeks only a money judgment and the amount sought does not exceed twenty- five thousand dollars ($25,000.00) exclusive of punitive damages, interest, cost and attorney fees.

[X]    This party seeks relief other than a money judgment and/ or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees

                          Respectfully Submitted,

                          **RUHMANN LAW FIRM**
                          5915 Silver Springs, Bldg. 1
                          El Paso, Texas 79912
                          (915) 845-4529
                          (915) 845-4534 Fax

BY:    */s/ Charles J. Ruhmann, IV*_____
             **CHARLES J. RUHMANN, IV**
             *Attorney for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/9/2014 2:49:52 PM
DISTRICT COURT CLERK
Elsa Gomez

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

RICARDO DELGADO
Plaintiff,
vs

D-307-CV- 2014-1463
Judge Manuel I Arrieta

LIBERTY MUTUAL FIRE INSURANCE COMPANY
FARMERS INSURANCE COMPANY OF ARIZONA

Defendant.

# ORDER REQUIRING SCHEDULING REPORTS
## and a DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, and LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

A.   Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.   Within sixty (60) days after the complaint is filed, parties of record shall file a Scheduling Report (LR3-502) with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C (see *Appendix to the Local Rules for all forms*), or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C.   Any party who enters the case more than sixty (60) days after the filing of the initial pleading shall file a Scheduling Report within ten (10) days and deliver a copy to the assigned judge.

D.  If all parties are not of record within sixty (60) days after the filing date of the initial pleading, each party making a claim against one or more absent parties (*Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.*) shall, within five (5) business days after the 60th day, file with the court, serve parties of record and deliver a copy to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Case at Issue".

E.  Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order.  The motion shall state with particularity the reason an enlargement is in the best interests of the parties.  A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.  When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.  If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

H.  For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the initial complaint has been filed or ten (10) days after all parties are joined if LR3-Form 2.14 NMRA has been filed.  If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

I.  Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

   (1)  stipulate to a discovery plan and file the stipulation with the court, or

   (2)  request a hearing to establish a discovery plan pursuant to Paragraph B of Rule 1-016 NMRA.

(3)     In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) days after the complaint was filed or fifteen (15) days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.      The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.      A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.      A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.      For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.      If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties.  The parties shall confer regarding the nature and extent of the release and stipulate, if possible.  If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court.  A copy of the

memorandum and proposed form shall be delivered to the assigned judge.  Rule 1-007.1 NMRA shall apply.

**J.**      Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph I of this Order.

**K.**      Intent to Call Expert Witness - Disclosure.      No later than sixty (60) days after filing their respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)".  The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify on.  All parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of section 8 (A-E) of the 06/03/2013 attachment to the scheduling order filed,  with respect to each expert listed.


_____
Hon. Manuel I Arrieta, District Court Judge

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

Delivered to Plaintiff on: July 9, 2014




Clerk of Court

_____
Deputy Elsa Gomez

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/20/2015 3:15:17 PM
CLAUDE BOWMAN
Josephina Gomez

**STATE OF NEW MEXICO**
**DONA ANA COUNTY**
**3RD DISTRICT COURT**

**RICARDO DELGADO**
**V.**
**LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.**      No. D-307-CV-2014-01463

### DISPOSITION ORDER FOR LACK OF PROSECUTION

THIS MATTER having come before the Court on its own motion, it appearing that no significant action has been taken in 180 or more days in connection with any and all pending claims,

IT IS THEREFORE ORDERED that all pending claims are dismissed without prejudice. Within thirty (30) days after service of this order, any party may move for reinstatement. If other parties have filed an appearance, movant shall comply with Rule 1-007.1 NMRA. Failure to comply with these requirements will result in the denial of the motion without hearing.

IT IS FURTHER ORDERED that all writs, judgments, final orders, or stipulations previously filed herein shall remain in full force and effect unless otherwise ordered.

_____
THE HONORABLE MANUEL I. ARRIETA
DISTRICT JUDGE

### CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Dona Ana County, New Mexico, do hereby certify that I served a copy of this document to all parties listed below on 1/ 00 /2015.

CHARLES J RUHMANN, IV

By: _____
Nancy Heavner
TCAA

1/21/2015

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
1/21/2015 6:24:51 PM
CLAUDE BOWMAN
Veronica Carrasco

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

RICARDO DELGADO,

      Plaintiff,

                               No. D-307-CV-2014-01463

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, and
FARMERS INSURANCE COMPANY
OF ARIZONA,

      Defendants.

## PLAINTIFF'S MOTION TO REINSTATE THE CASE

**TO THE HONORABLE JUDGE OF SAID COURT:**

      COMES NOW, Plaintiff, RICARDO DELGADO, by and through his attorneys of record, Charles J. Ruhmann, IV and Paul G. Tellez, Ruhmann Law Firm, P.C., and hereby moves the Court, pursuant to Rule 1-041(E)(2), NMRA and LR 3-516(B)(2), for an Order reinstating this cause, and in support thereof, Plaintiff respectfully states as follows:

      1.     Complaint, Jury Demand and Court-Annexed Arbitration Certificate were filed July 7, 2014.

      2.     On or around January 20, 2015, the Court entered Disposition Order for Lack of Prosecution, pursuant to Rule 1-041(E)(2), NMRA and LR 3-516(B)(1).

      3.     For good cause, Plaintiff asserts that, in the preceding 180 days, his counsel has attempted to negotiate the file and to accomplish service on the named Defendant.

      4.     Upon reinstatement of the cause, Plaintiff intends to expeditiously accomplish service of process on the Defendant and commence discovery in an efficient manner.

5.     The named Defendant(s) are not prejudiced by the reinstatement of this cause as the complaint was filed before the expiration of the applicable statute of limitation.

WHEREFORE, Plaintiff requests entry of an order reinstating this cause, and granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. #1
El Paso, Texas 79912
(915) 845-4529
(915) 845 4534 Facsimile

BY: */s/ Paul G. Tellez*
**CHARLES J. RUHMANN, IV**
**PAUL G. TELLEZ**
*Attorneys for Plaintiff*

I HEREBY CERTIFY that on the **22nd** day of January, 2015, I filed the foregoing Motion to Reinstate on the following parties:

N/A

*/s/ Paul G. Tellez*
Charles J. Ruhmann, IV
Paul G. Tellez

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/27/2015 3:23:28 PM
CLAUDE BOWMAN
Missy Sanchez

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**RICARDO DELGADO,**

     **Plaintiff,**

                                  **No. D-307-CV-2014-01463**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY, and**
**FARMERS INSURANCE COMPANY**
**OF ARIZONA,**

     **Defendants.**

## REQUEST FOR HEARING

1. Assigned Judge: <u>Honorable Manuel I. Arrieta</u>

2. Type of Case: <u>Complaint for Declaratory Judgment, UM Benefits, etc..</u>

3. Jury: <u>x</u>     Non-Jury <u>    </u>

4. Dates of hearings presently set: <u>none</u>

5. Specific matter(s) to be heard upon this request: <u>Motion to Reinstate Case</u>

6. Estimated total time required: <u>20 minutes</u>

7. Attach separate sheet(s) listing name, firm, capacity, address, and telephone number of all parties entitled to notice.

                        Respectfully Submitted,

                        **RUHMANN LAW FIRM**
                        5915 Silver Springs, Bldg. 1
                        El Paso, Texas 79912
                        (915) 845-4529
                        (915) 845 4534 Facsimile

          BY: */s/ Charles J. Ruhmann, IV*
                 **CHARLES J. RUHMANN, IV**
                 **PAUL G. TELLEZ**
                 *Attorneys for Plaintiff*

<u>Parties entitled to notice</u>:


RUHMANN LAW FIRM
Charles J. Ruhmann, IV
Paul G. Tellez
5915 Silver Springs Dr., Bldg. 1
El Paso, TX 7912
(915) 845-4529
(915) 845-4534 (fax)



I HEREBY CERTIFY that a copy of the forgoing
was served via U.S. Mail on the ***27th*** day of
January, 2015 to:

N/A


<u>/s/ Charles J. Ruhmann, IV</u>
Charles J. Ruhmann, IV
Paul G. Tellez

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
1/29/2015 11:47:19 AM
CLAUDE BOWMAN
Paloma Nava

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

RICARDO DELGADO,

      Plaintiff,

                              No. D-307-CV-2014-01463

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, and
FARMERS INSURANCE COMPANY
OF ARIZONA,

      Defendants.

## ORDER REINSTATING CASE

THIS MATTER having come before the Court upon Plaintiff's Motion to Reinstate Case, and the Court being otherwise fully advised in the premises, hereby FINDS, ORDERS, AND DECREES:

1.      For good cause shown, the Plaintiff has advised the Court as to status of prosecuting the case and accomplishing service on the named Defendant(s).

2.      Plaintiff's Motion to Reinstate the Case is hereby GRANTED.

3.      All Orders and deadlines are hereby reinstated.

_____
Hon. Manuel I. Arrieta
District Court Judge

Submitted by:

**RUHMANN LAW FIRM PC**

By:  _/s/ Paul G. Tellez_
        Charles J. Ruhmann, IV
        Paul G. Tellez
        5915 Silver Springs, Bldg. 1
        El Paso, TX 79912
        (915) 845-4529
        (915) 845-4534 (fax)
        *Attorneys for Plaintiff Ricardo Delgado*



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

null / ALL
**Transmittal Number: 13479458**
**Date Processed: 02/18/2015**

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| Entity: | Liberty Mutual Fire Insurance Company<br>Entity ID Number 2542855 |
| Entity Served: | Liberty Mutual Fire Insurance Company |
| Title of Action: | Ricardo Delgado vs. Liberty Mutual Fire Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Dona Ana County District Court, New Mexico |
| Case/Reference No: | D-307-CV-2014-01463 |
| Jurisdiction Served: | New Mexico |
| Date Served on CSC: | 02/17/2015 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | NM Superintendent of Insurance on 2/10/2015 |
| How Served: | Certified Mail |
| Sender Information: | Charles J. Ruhmann, IV<br>915-845-4529 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| SUMMONS | |
|---|---|
| District Court: **THIRD JUDICIAL** Dona Ana County,  New Mexico Las Cruces, New Mexico  88007 Court Telephone No.: 575-647-8500 | Case Number: **D-307-CV-2014-01463** Assigned Judge: Manuel I. Arrieta |
| Plaintiff(s): **RICHARD DELGADO** v. Defendant(s) **LIBERTY MUTUAL FIRE INSURANCE COMPANY, and FARMERS INSURANCE COMPANY OF ARIZONA** | **Defendant:** Name: **LIBERTY MUTUAL FIRE INSURANCE COMPANY** Address: c/o John G. Franchini, Superintendent of Insurance PO Box 1689 Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Las Cruces, New Mexico, this 29th day of January, 2015.

CLAUDE BOWMAN
CLERK OF DISTRICT COURT

By: _____
            Deputy, Missy Sanchez



/s/ Charles J. Ruhmann, IV
Signature of Attorney for Plaintiff/Pro Se Party
Name: CHARLES J. RUHMANN, IV
Address: 5915 Silver Springs, Bldg. 1
Telephone No.: (915) 845-4529
Fax No.: (915) 845-4534
Email Address: cruhmann@ruhmannlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO      )
                                  )
COUNTY OF DONA ANA      )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]      to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
**Signature of person making service**

_____
**Title (*if any*)**

Subscribed and sworn to before me this _____ day of _____, _____

_____
**Judge, notary or other officer**
**authorized to administer oaths**

_____
**Official title**