IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICARDO DELGADO,**

    **Plaintiff,**

    vs.                                                                                    Civ. No. 15-196 JCH/GJF

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY and FARMERS INSURANCE
COMPANY OF ARIZONA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Rule 56(d) Motion for Discovery, and Motion for Leave To File a Surreply in Relation to Liberty Mutual's (Second) Summary Judgment Motion (ECF doc. 32).* [Doc. 48] Defendant Liberty Mutual filed a response [Doc. 51], and Plaintiff filed a reply [Doc. 52].

Having reviewed the motion, briefs, case file, and relevant law, the Court concludes that the motion should be granted. Plaintiff is given leave to conduct discovery as requested and to file a surreply to Liberty Mutual's Second Motion for Summary Judgment [Doc. 32]. Discovery is to be completed by November 14, 2016, and Plaintiff's surreply must be filed on or before November 29, 2016.

### FACTUAL ALLEGATIONS OF THE COMPLAINT

This case arises out of a motor vehicle accident on July 24, 2008. Plaintiff alleges that, in the course and scope of his employment with UPS, he was operating a 2002 International tractor

truck with two trailers, traveling eastbound on Interstate 10 near mile marker 6.6 in Hidalgo County, New Mexico.  The Complaint alleges that "suddenly and without warning, a driver ('phantom driver') … passed him on the left, veered sharply in front of him and cut him off," causing Plaintiff to suddenly steer to the left to avoid a collision and lose control; the tractor truck and trailers overturned.

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on July 7, 2014, in the Third Judicial District Court, Count of Doña Ana, New Mexico.  [Doc. 1-3]  The state district court dismissed the claims without prejudice for lack of prosecution on January 20, 2015, and reinstated the case on January 29, 2015, upon Plaintiff's motion.  [Doc. 1-3, pp. 16-21]  Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed a timely notice of removal on March 6, 2015.  [Doc. 1] Defendant Farmers Insurance Company of Arizona ("Farmers") consented to removal.  [Doc. 1-1]  On June 30, 2015, the Court stayed discovery, pending rulings on anticipated motions for summary judgment by Liberty Mutual.  [Doc. 30]

On July 17, 2015, Liberty Mutual filed *Liberty Mutual Fire insurance Company's Motion for Summary Judgment on Counts V and VI of Plaintiff's Complaint* ("MSJ #1").  [Doc. 31] Plaintiff filed a response [Doc. 34], and Liberty Mutual filed a reply [Doc. 41].

On July 17, 2015, Liberty Mutual filed *Liberty Mutual Fire Insurance Company's Second Motion for Summary Judgment and Supporting Authority* ("MSJ #2").  [Doc. 32]  Plaintiff filed a response [Doc. 33], and Liberty Mutual filed a reply [Doc. 44].

## DISCUSSION

Plaintiff seeks a declaratory judgment that Defendants are liable on uninsured motorist ("UM") benefits.  Briefing is complete on *Liberty Mutual Fire Insurance Company's Second Motion for Summary Judgment and Supporting Authority* ("MSJ #2").  [Doc. 32]  Plaintiff filed his response [Doc. 33], and Liberty Mutual filed its reply [Doc. 44].

On September 10, 2015, Plaintiff filed a motion for discovery and leave to file a surreply in relation to MSJ #2 [Doc. 32].  Although Plaintiff had already filed his response to MSJ #2, Plaintiff filed the motion for discovery under Federal Rule of Civil Procedure 56(d), arguing that Liberty Mutual's reply contains new evidence to which Plaintiff has not had a fair opportunity to object or respond.  As Plaintiff observes, discovery had been stayed pending resolution of Liberty Mutual's two summary judgment motions.

To identify evidence that Georgia was the place of contracting, Liberty Mutual attached to its motion (MSJ #2) an affidavit from Cathy Netherly; that affidavit claims Netherly's factual statements are based on personal knowledge.  [Doc. 32-1]  Plaintiff argues that he determined that he could make a sufficient response to MSJ #2, without discovery, primarily by arguing that Netherly's affidavit did not sufficiently support Liberty Mutual's factual allegations; Plaintiff argued in his response that Netherly was not shown to have personal knowledge of critical facts, since she only became the Senior Risk Manager at UPS in 2011—after the relevant time for the insurance policy at issue.  In addition to a Tenth Circuit decision, Liberty Mutual's reply attached new evidence including:  an affidavit from Patrick D. Power, a "Policy Schedule for Composite Rating," "Common Policy Conditions," and a Delaware record regarding incorporation of UPS Supply Chain Solutions, Inc.  [Docs. 44-1 to 44-5]

Plaintiff seeks leave to conduct discovery "about the matters raised in Liberty Mutual's new evidence" and leave to follow a surreply to MSJ #2.  Liberty Mutual responded that Plaintiff's discovery request is untimely and unjustified, on the ground that Liberty Mutual's new exhibits were only "included in order to defeat an argument first raised by Plaintiff in his Response [the argument under the Restatement Second] and were limited to that argument alone."  [Doc. 51, pp. 1, 4-5]

The Court disagrees with Liberty Mutual's contention that its reply exhibits responded only to Plaintiff's new argument under the Restatement Second.  Instead, Liberty Mutual's new evidence—in particular, the affidavit from Patrick D. Power—is relevant to Liberty Mutual's argument about the place of contracting.  After Plaintiff objected that Netherly lacked personal knowledge because she was not the Senior Risk Manager at the relevant time or the person who signed relevant documents, Liberty Mutual presented the affidavit of an individual with personal knowledge; Power states that he was UPS's Senior Risk Manager at the relevant time and was the person who signed relevant documents.  [Doc. 44-2]  Plaintiff persuasively argues that "Liberty Mutual has attempted to remedy any evidentiary deficiencies through Mr. Power's affidavit."  [Doc 48, p. 3]

Rule 56(d) provides that the court "may" allow discovery when a party shows "that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion.  The Court agrees with Liberty Mutual that "ordinarily" a party may not file a response and later request discovery.  *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007).  But summary judgment is "inappropriate when a party has not had adequate opportunity to pursue discovery."  *Naifeh v. Ideal Homes of Norman, L.P.*, 260 Fed. Appx. 122, 123–24 (10th Cir. 2008); *see Been*, 495 F.3d at 1235.  The Court concludes that Plaintiff has not

4

had a fair opportunity to respond to the new evidence attached to Liberty Mutual's reply, and that Plaintiff has justified his request for discovery.

The Court grants Plaintiff's request for a sixty-day period of discovery related to MSJ #2; Plaintiff may pursue discovery as requested in his motion until November 14, 2016. The Court further grants Plaintiff's request for leave to file a surreply limited to MSJ #2, to be filed on or before November 29, 2016.

**IT IS THEREFORE ORDERED** *that Plaintiff's Rule 56(d) Motion for Discovery, and Motion for Leave To File a Surreply in Relation to Liberty Mutual's (Second) Summary Judgment Motion (ECF doc. 32)* [Doc. 48] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff's surreply is due on or before November 29, 2016.

_____
**UNITED STATES DISTRICT JUDGE**